1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10 | JOSHUA A. DICKENS,

11 |                          Plaintiff,

12 |            v.

13 | NAPHCARE,

14 |                          Defendant.

CASE NO. 3:23-CV-5934-DGE-DWC

ORDER DISMISSING PLAINTIFF'S
COMPLAINT WITHOUT
PREJUDICE, GRANTING LEAVE
TO AMEND, AND DENYING
COUNSEL

15    The District Court referred this action to United States Magistrate Judge David W.

16 Christel. On November 2, 2023, Plaintiff filed a proposed civil complaint and a motion seeking

17 the appointment of counsel. *See* Dkts. 4-1, 4-3.

18    Having reviewed and screened the proposed complaint under 28 U.S.C. §1915A, the

19 Court finds that Plaintiff has failed to state a claim upon which relief can be granted. The Court

20 dismisses the proposed complaint without prejudice and denies the motion seeking the

21 appointment of counsel. The Court provides Plaintiff with leave to amend to file an amended

22 complaint by **December 18, 2023**, to cure the deficiencies identified herein.

23
24

1   **Review of the Complaint.** The Court has carefully reviewed the proposed complaint in
2   this matter. Because Plaintiff filed this proposed complaint *pro se*, the Court has construed the
3   pleadings liberally and has afforded him the benefit of any doubt. *See Karim-Panahi v. Los*
4   *Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

5   In the proposed complaint, Plaintiff names Naphcare as the sole defendant. Dkt. 4-1 at 1.
6   He states that the Naphcare medical staff at Kitsap County Jail ("KCJ") failed to treat the
7   abscesses he had on his face and hand for weeks. *Id.* at 5. Without proper treatment, Plaintiff
8   needed surgery, and now he cannot move one of his fingers properly. *Id.*

9   ***Sua Sponte* Dismissal.** Under the Prison Litigation Reform Act of 1995, the Court is
10  required to screen complaints brought by prisoners seeking relief against a governmental entity
11  or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss
12  the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or
13  fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a
14  defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v.*
15  *Harrington*, 152 F.3d 1193 (9th Cir. 1998).

16  A *pro se* plaintiff's complaint is to be construed liberally, but like any other complaint it
17  must nevertheless contain factual assertions sufficient to support a facially plausible claim for
18  relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550
19  U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual
20  content that allows the court to draw the reasonable inference that the defendant is liable for the
21  misconduct alleged." *Iqbal*, 556 U.S. at 678.

22  **Analysis of Plaintiff's Claim.** In order to state a claim for relief under 42 U.S.C. § 1983,
23  a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or
24

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING LEAVE TO
AMEND, AND DENYING COUNSEL - 2

created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

*Monell Claim.*  In the proposed complaint, Plaintiff fails to state a colorable claim against Naphcare. *See generally* Dkt. 4-1. A municipality or entity may only be held liable if its policies are the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)). To set forth a claim, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690–91. Additionally, when a private entity acting under color of state law is sued pursuant to § 1983, the Ninth Circuit has instructed that the *Monell* requirements apply to the private entity. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138–39 (9th Cir. 2012); *see also M.H. v. County of Alameda*, 62 F. Supp. 3d 1049, 1085–86 (N.D. Cal. 2014) (finding that a private healthcare provider fell under *Monell*). Plaintiff has not alleged facts to show that Naphcare is liable under *Monell*. Dkt. 4-1 at 5. Rather, he provides only generalized allegations that he was denied

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING LEAVE TO AMEND, AND DENYING COUNSEL - 3

adequate medical treatment for his abscesses. *Id.* Plaintiff fails to show that Naphcare's

employees acted through an official custom or policy that resulted in the inadequate treatment he

received.

    *Conclusion*. The Court finds that Plaintiff's proposed complaint fails to state a claim

upon which relief can be granted. Therefore, Plaintiff's proposed complaint is dismissed without

prejudice.

    **Motion Seeking the Appointment of Counsel.** Plaintiff has not shown an ability to

articulate the factual basis for his claim and fails to state a colorable claim. Therefore, Plaintiff

has not shown he is likely to succeed on the merits of his case. Accordingly, the Court denies his

motion seeking the appointment of counsel.

    **Leave to Amend.** Unless it is absolutely clear that no amendment can cure the defects of

a complaint, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an

opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245,

248 (9th Cir. 1995). At this time, the Court finds Plaintiff may be able to cure some of the

defects of the proposed complaint. Therefore, Plaintiff should be afforded an opportunity to file

an amended complaint to attempt to cure the stated deficiencies. Plaintiff's proposed amended

complaint, if any, should be filed on or before **December 18, 2023**.

    **Instructions to Plaintiff and the Clerk.** Due to the deficiencies described above, the

Court finds that Plaintiff has failed to state a claim upon which relief can be granted. Therefore,

the Court dismisses Plaintiff's proposed complaint without prejudice. In addition, the Court

denies Plaintiff's motion seeking the appointment of counsel.

    Plaintiff may file an amended complaint no later than **December 18, 2023**. Plaintiff is

advised that an amended pleading operates as a *complete* substitute for an original pleading.  *See*

*Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended)).  Thus, any amended complaint must clearly identify each intended Defendant, the constitutional claim(s) asserted against each Defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.  If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues raised herein, the undersigned will recommend dismissal of this action.

The Clerk is directed to send Plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 17th day of November, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE, GRANTING LEAVE TO AMEND, AND DENYING COUNSEL - 5